Dear Senator Hollis:
This office is in receipt of your opinion request dated August 17, 1999 in which you asked our office to issue an opinion as to whether House Bill 667 of the 1999 Regular Session, which became Act 714, applies to leases in effect prior to the effective date of this Act. You asked whether the Act can be applied retroactively.
Act 714 provides for the enactment of L.S.R. 9:3261. That statute states:
 L.S.R. § 9:3261 Rights of Military Personnel to terminate lease
 A. "Any active or reserve member of the armed forces of the United States including the National Guard and the United States Coast Guard, may terminate his residential lease agreement, pursuant to subsection B of this Section, if any of the following occur:
 1. The member has received initial or permanent change of station orders to depart thirty-five miles or more from the location of the dwelling unit.
 2. The member has received initial or temporary duty orders in excess of three months duration to depart thirty-five miles or more from the location of the dwelling unit.
 3. The member is discharged, released, or retires.
 4. The member is ordered to reside in government — supplied quarters.
 B. Lessees who qualify to terminate a rental agreement pursuant to Subsection A herein shall do so by serving on the lessor a written notice of termination to effective on a date stated therein, said date to be not less than thirty days after the date of the notice is served on the lessor. The termination shall be no more than sixty days prior to the date of departure necessary to comply with the official orders or any supplemental instructions for interim training or duty prior to the transfer. Prior to the termination date, the lessee shall furnish the lessor with a copy of the official notification of orders or a signed letter confirming the orders from the lessee's commanding officer.
 C. In consideration of early termination of the lease, the lessee shall not be liable for more than one month's rent if, as of the effective date of the termination, the lessee has completed less than six months of the lease agreement or one-half of the rent for one month if the lessee has completed at least six months of the lease agreement. The lessee shall be entitled to the full return of any security deposit, if such member has otherwise complied with the requirements of the lease.
 D. The provisions of this section may not be waived or modified by the agreement of the parties under any circumstances."
You question whether this statute may be applied retroactively to lease contracts in existence at the time of the enactment of the statute.
It is clear that a lease agreement is a contract. (See Civil Code Articles 2669 through 2675) The obligations of the parties to such a lease agreement are provided by Civil Code Articles 2692 through2726. Also of note with regard to your question is Art. I, § 23 of the 1974 La. State Constitution. Art. I, § 23 provides, "No bill of attainer, ex post facto law, or law impairing the obligation of contracts shall be enacted."
It is the opinion of our office that to apply the Act retroactively would be a violation of Art. I, § 23 of the La. Constitution. However, any lease contract entered into, whether written, verbal, reconducted or otherwise subsequent to it becoming law would be subject to the provisions of the Act.
I trust that this adequately addresses your concerns. Should you require further assistance, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CHARLES H. BRAUD, JR.
ASSISTANT ATTORNEY GENERAL
RPI:CHB/mjb